Gerald T. Husch, ISB No. 2548
C. Clayton Gill, ISB No. 4973
MOFFATT, THOMAS, BARRETT, ROCK &
        FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho  83701
Telephone  (208) 345-2000
Facsimile  (208) 385-5384
gth@moffatt.com
23-170.0

Attorneys for Plaintiff Brenda Bentley

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRENDA BENTLEY,<br><br>             Plaintiff,<br><br>vs.<br><br>FEDERAL DEFENDER SERVICES OF IDAHO, INC., an Idaho corporation, and FEDERAL DEFENDERS OF EASTERN WASHINGTON AND IDAHO, a Washington corporation,<br><br>             Defendants. | Civil No. _____<br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW the Plaintiff, Brenda Bentley, by and through her undersigned counsel, and for her complaint, claims and causes of action against the Defendants, Federal Defender Services of Idaho, Inc., an Idaho corporation, and Federal Defenders of Eastern Washington and Idaho, a Washington corporation, alleges as follows:

**COMPLAINT AND JURY DEMAND - 1**

## I.   NATURE OF THE SUIT

1. This is a suit to recover unpaid overtime compensation and other relief under the provisions of the Fair Labor Standards At of 1938, as amended, 29 U.S.C. Sections 201-219 (the "Act" or the "FLSA"), and to recover unpaid wages due and other relief under the provisions of the Idaho Claims for Wages Act, Idaho Code Sections 45-601—45-621.

2. There is a complete diversity of citizenship between the plaintiff and the defendants, and the amount in controversy herein exceeds the sum of $75,000, exclusive of interest and costs.

3. Jurisdiction of this action is conferred upon this Court by Section 16(b) of the Act, 29 U.S.C. Section 216(b), and by 28 U.S.C. Sections 1331, 1332, 1337 and/or 1367.

4. Venue of this action properly lies in this district by virtue of Section 16(b) of the Act, 29 U.S.C. Section 216(b), and by 28 U.S.C. §1391(b).

## II.   THE PARTIES

5. Plaintiff is an adult individual who is a resident of the State of California.

6. The defendants to this action are the Federal Defender Services of Idaho, Inc., an Idaho corporation ("FDSI"), and Federal Defenders of Eastern Washington and Idaho, a Washington corporation ("FDEWI").

7. Defendant FDSI is the successor in interest to or assignee of FDEWI with respect to assets formerly held by FDEWI in Idaho, business and operations formerly conducted by FDEWI in Idaho, and plaintiff's former employment contract or relationship with FDEWI.

### III. CLAIMS FOR RELIEF

### COUNT ONE - FAIR LABOR STANDARDS ACT VIOLATIONS

8. Between November 3, 2003, and February 20, 2007, plaintiff was employed as an investigator by one or both of the defendants, with her employment based in defendants' Capital/Habeas Unit in Moscow, Idaho.

9. At all relevant times, plaintiff was an "employee," as defined by Section 3(e) of the Act, 29 U.S.C. Section 203(e).

10. At all relevant times, each of the defendants was an "employer," as defined by Section 3(d) of the Act, 29 U.S.C. §203(d).

11. Pursuant to Section 16(b) of the Act, 29 U.S.C. Section 216(b), plaintiff has executed and files with the Court as Exhibit A hereto her original consent in writing to become a party plaintiff in this action.

12. At all relevant times, plaintiff was entitled to rights, protections and benefits provided by the FLSA.

13. An employee engaged in commerce is entitled to overtime compensation at the rate of one and one-half times her regular rates of pay for all hours worked in excess of forty hours per week, except as otherwise provided in Section 7 of the Act, 29 U.S.C. Section 207. Section 7(a)(1) of the Act, 29 U.S.C. Section 207(a)(1), provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

14.     As a regular and recurrent part of her employment duties for defendants, plaintiff used the instrumentalities of commerce, including but not necessarily limited to telephones, voice mail, fax machines, email, motor vehicles and airplanes, to obtain or communicate information across state lines.

15.     Plaintiff was engaged "in commerce" within the meaning of Section 7(a)(1) of the Act, 29 U.S.C. Section 207(a)(1), while employed by defendants.

16.     Each of the defendants was "an enterprise engaged in commerce" within the meaning of Section 7(a)(1) of the Act, 29 U.S.C. Section 207(a)(1), at all times during plaintiff's employment.

17.     Plaintiff was not subject to any of the exemptions set forth in Section 13 of the Act, 29 U.S.C. Section 213, or other applicable law, while she was employed by either of the defendants.

18.     The plaintiff, during the applicable statutory workweeks, worked in excess of the statutory maximum number of hours provided for in Section 7(a)(1) of the Act, 29 U.S.C. Section 207(a)(1), without receiving compensation for such excess hours at a rate of one and one-half times the regular rate at which the plaintiff was employed.

19.     The failure of defendants to compensate plaintiff at one and one-half times her regular rate for such excess or overtime hours is a violation of Section 7 of the Act, 29 U.S.C. Section 207.  Such violation is redressable by the plaintiff as an affected employee under Section 16(b) of the Act , 29 U.S.C. Section 216(b).

20.     Defendants, therefore, are liable to the plaintiff herein in the amount of the plaintiff's unpaid overtime compensation and an additional equal amount as liquidated

damages, and for reasonable attorney's fees, together with the costs and disbursements of this action.

21. At all times within the three-year period prior to the filing of this complaint, defendants have been aware of the provision of the FLSA, as amended, 29 U.S.C. Section 201 et seq., requiring payment of overtime compensation to plaintiff.

22. Therefore, plaintiff is entitled to recover from defendants the unpaid overtime compensation and liquidated damages owed on this claim for the three-year period immediately preceding the commencement of the action.

23. The employment and work records for plaintiff are in the possession, custody and control of the defendants. The defendants are under a duty imposed by 29 U.S.C. Section 211(c) and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to plaintiff from which some of the amounts of defendants' liability can be ascertained.

## **COUNT TWO – IDAHO CLAIMS FOR WAGES ACT VIOLATIONS**

24. Plaintiff realleges and incorporates herein all of the preceding allegations of this Complaint.

25. At all relevant times, plaintiff was an "employee," as defined by Idaho Code Section 45-601(4).

26. At all relevant times, each of the defendants was an "employer," as defined by Idaho Code Section 45-601(5).

27. At all relevant times, Idaho Code Section 45-606 has provided in pertinent part that:

> (1) Upon layoff, or upon termination of employment by either the employer or employee, the employer shall pay or make

        available at the usual place of payment all wages then due the employee by the earlier of the next regularly scheduled payday or within ten (10) days of such layoff or termination, weekends and holidays excluded. . . .

28. On February 20, 2007, one or both of the defendants terminated plaintiff's employment.

29. Neither of the defendants has paid to plaintiff any of the overtime compensation due plaintiff under Section 7(a)(1) of the FLSA, 29 U.S.C. Section 207(a)(1), in violation Idaho Code Section 45-606(1).

30. Idaho Code Section 45-615(1) states in pertinent part that:

[A]ny person may assert a wage claim arising under this chapter in any court of competent jurisdiction or pursue any other remedy provided by law.

31. Idaho Code Section 45-615(2) states that:

    (2) Any judgment rendered by a court of competent jurisdiction for the plaintiff in a suit filed pursuant to this section may include all costs and attorney's fees reasonably incurred in connection with the proceedings and the plaintiff shall be entitled to recover from the defendant either the unpaid wages plus the penalties provided for in section 45-607, Idaho Code; or damages in the amount of three (3) times the unpaid wages found due and owing, whichever is greater.

32. Pursuant to Idaho Code Section 45-615, plaintiff is entitled to recover from defendants damages in the amount of three (3) times the unpaid wages found due and owing to her, plus all costs and attorney fees reasonably incurred by plaintiff in connection with this action.

33. The employment and work records for plaintiff are in the possession, custody and control of the defendants. The defendants are under a duty imposed by Idaho Code

Section 45-610 to maintain and preserve payroll and other employment records with respect to plaintiff from which some of the amounts of defendants' liability can be ascertained.

## IV. PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the Court to enter judgment against the defendants as follows:

(a) Judgment declaring that defendants have violated plaintiff's rights under the FLSA;

(b) An order for a complete and accurate accounting of all compensation to which plaintiff is entitled from defendants;

(c) Judgment against the defendants awarding to plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to her unpaid compensation, plus appropriate pre-judgment and post-judgment interest;

(d) Judgment against the defendants awarding to plaintiff monetary damages in the amount of three (3) times the unpaid wages found due and owing;

(e) Judgment against the defendants awarding to plaintiff her reasonable attorney's fees incurred in the prosecution of this action;

(f) Judgment against the defendants awarding to plaintiff her costs and disbursements incurred in the prosecution of this action; and

(g) Such other and further relief as the Court deems proper.

## V. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, plaintiff hereby demands a jury trial on all issues so triable herein.

DATED this 6th day of August, 2007.

> MOFFATT, THOMAS, BARRETT, ROCK &
> FIELDS, CHARTERED
>
> By _____
> Gerald T. Husch – Of the Firm
> Attorneys for Plaintiff Brenda Bentley

**COMPLAINT AND JURY DEMAND - 8**

BOI_MT2:655022.1

## CONSENT TO BECOME PARTY PLAINTIFF
## EXHIBIT A TO COMPLAINT AND JURY DEMAND

I, Brenda Bentley, do hereby agree and consent to be a plaintiff in the above-referenced action entitled "BRENDA BENTLEY, Plaintiff, vs. FEDERAL DEFENDER SERVICES OF IDAHO, INC., an Idaho corporation, and FEDERAL DEFENDERS OF EASTERN WASHINGTON AND IDAHO, a Washington corporation, Defendants," to be filed in the United States District Court for the District of Idaho. I understand that this action will relate to my allegations that the defendants failed to pay wages, including overtime wages, due to me under the Fair Labor Standards Act and the Idaho Claims for Wages Act.

DATED this 3 day of August, 2007.

Brenda Bentley